J-S61025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WADE CHARLES BAER | |
| Appellant | No. 1982 WDA 2015 |

Appeal from the Judgment of Sentence November 24, 2015
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000281-2014

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 09, 2016**

Wade Charles Baer appeals from his judgment of sentence, entered in the Court of Common Pleas of Bedford County, after pleading guilty to one count each of rape of child,[1] statutory sexual assault (11 years older),[2] involuntary deviate sexual intercourse (less than 16 years of age),[3] unlawful contact with a minor (sexual offenses),[4] and sexual abuse of children

_____

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3122.1(b).

[3] 18 Pa.C.S. § 3123(a)(7).

[4] 18 Pa.C.S. § 6318(a)(1).

(possession of child pornography).[5]  Baer was sentenced to an aggregate term of 7 to 14 years' imprisonment.[6]  After careful review, we affirm.

Baer had a sexual relationship with his ex-girlfriend's daughter beginning in 2007, when the victim was eleven years old, and continuing until she was fourteen years old.  At the inception of their relationship, Baer was 24 years old.  The victim related to law enforcement that Baer touched, kissed, digitally penetrated, performed oral sex on and had sexual intercourse with her.  Baer also had the victim take naked pictures[7] and videos of herself while she was performing oral sex on him, simulating sexual acts, and in provocative poses.  Baer and the victim had sexual relations at least on a weekly basis from 2007 to 2010, at which point the victim ended the relationship so that she could date boys her own age.

After Baer entered his plea, he filed a motion for a **Frye**[8] hearing on expert testimony proffered by a Sexual Offender Assessment Board (SOAB)

_____

[5] 18 Pa.C.S. § 6312.

[6] Each of the sentences on counts two through five were ordered to run concurrently to Baer's rape sentence.  All of the instant offenses were ordered to run concurrently to and conterminously with an unrelated sentence he was already serving in federal court.

[7] The victim identified 29 photographs obtained from Baer's computer as being her.  Fifteen of those photos depicted her either naked, in a simulated sexual act, or in a sexual or provocative nature.

[8] **Frye v. U.S.**, 293 F. 1013 (D.C. Cir. 1923) (standard requiring that opinions or inferences are of a type reasonably relied upon by experts in the particular field).

- 2 -

member about his disorder, hebephilia, and whether it is a diagnosable mental condition based upon legitimate scientific principles and methods. The court denied Baer's motion and, after a hearing, the court determined that Baer should be classified as a sexually violent predator (SVP) subject to lifetime registration under our Commonwealth's version of Megan's Law.[9] In this timely filed appeal, Baer raises the following issues for our consideration:

(1) Whether or not the Defendant's issues are waived pursuant to Pa.R.A.P. 1925 and, if so, what is the proper remedy?

(2) Whether the trial court erred and/or abused its discretion when it found the evidence sufficient to support the mental abnormality prong of the statute to support a finding that the Appellant was a sexually violent predator.[10]

(3) Whether the trial court erred and/or abused its discretion when it denied a **Frye** hearing in this matter on the matter

---

[9] 42 Pa.C.S. § 9799.14.

[10] Our standard review of a trial court's SVP designation is as follows:

> [T]o affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n] [SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

**Commonwealth v. Hollingshead**, 111 A.3d 186, 189 (Pa. Super. 2015) (internal citation omitted).

of the mental abnormality and the diagnosis of hebephiliac paraphilia not otherwise specified.

With regard to whether Baer has waived his issues on appeal under Pa.R.A.P. 1925(b), we note the following relevant procedural history. On December 17, 2015, after Baer filed a timely notice of appeal, the trial court ordered Baer to file a Rule 1295(b) statement of errors complained of on appeal within 21 days. On April 7, 2016, the trial court issued its Rule 1925(a) opinion indicating that:

> On December 17, 2015, we entered an Order directing Defendant to file a statement of matters complained of on appeal within 21 days. To date, Defendant has failed to file such a statement. As such, we believe Defendant has waived all issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii). **To the extent the appellate court would find Defendant has not waived all issues, we believe our discussion on the record would adequately address any issues preserved.** *See* Sent. Tr., pp. 65-74.

Trial Court Opinion, 4/7/16, at 2 (emphasis added). On April 8, 2016, Baer filed his Rule 1925(b) statement of errors complained of on appeal indicating that his attorney had not received a copy of the trial court's 1925(b) order[11] and that once counsel received a copy of the trial court's opinion deeming all of his client's issues waived, he immediately filed the instant statement. Baer's statement includes the same issues he raises and argues in his

---

[11] We note that pursuant to Pa.R.C.P. 236, "[t]he prothonotary shall immediately give written notice of the entry of . . . any . . . order to each party's attorney of record[.]" Pa.R.C.P. 236(a)(2). In the instant case there is no documentation in the docket that Rule 236 notice of the court's Rule 1925(b) order was provided to Baer's attorney of record.

appellate brief. We, therefore, must determine whether case law interpreting Rule 1925 deems Baer's issues waived on appeal.

It is well established that generally the failure to file a timely Rule 1925(b) statement would constitute waiver of all issues. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). However, in **Commonwealth v. Thompson**, 39 A.3d 335 (Pa. Super. 2011), our Court clarified the effect of counsel's untimely filing of a Rule 1925(b) statement in light of the 2007 amendments to Rule 1925. In **Thompson**, we noted that by drafting Rule 1925(c)(3), the Supreme Court added a new procedure for appellate courts to remedy a criminal appellant's failure to file a Rule 1925(b) statement. **Id.** at 338. Just as in the present case, in **Thompson** the defendant filed her 1925(b) statement after the court-ordered deadline. Thus, at the time the trial court prepared its opinion, it did not have the benefit of the issues defendant wished to raise on appeal, and, as a result, the court found all issues waived on appeal. **Id.** at 340. Accordingly, the Court held:[12]

_____

[12] Subsection 1925(c)(3) provides:

> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

> [Because] the trial court's 1925(a) opinion in the present case did not address [the defendant's] issues, as [defendant] had not yet filed a 1925(b) statement[,] . . . we remand for the trial court to file a Rule 1925(a) opinion addressing the issues raised in [defendant's] untimely Rule 1925(b) statement within 30 days of the date of this Opinion.

*Id.* at 340.

Instantly, the trial court specified in its Rule 1925(a) opinion where it explained its rationale for its SVP and *Frye* rulings in the record. *See* Pa.R.A.P. 1925(a) ("judge . . . shall specify in writing the place in the record where such reasons [for the judgment of sentence] may be found."). Accordingly, we have guidance for the court's reasoning on the issues raised on appeal and do not need to remand the matter further for an opinion. *Cf. Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (en banc) ("Thus, if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper."); *Thompson*, *supra*. Thus, we decline to find the issues waived and can review them on the instant record.

Baer first asserts that the trial court erred when it found that there was sufficient evidence to support the "mental abnormality" prong of section 9792 in order to conclude that he was an SVP.

To deem an individual a sexually violent predator, the Commonwealth must first show that the individual has been convicted of an offense as set forth in section 9799.14(b), (c) or (d).[13] **See** 42 Pa.C.S.A. § 9799.12. The Commonwealth must also show that the individual has "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9792. When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's SVP status. **Commonwealth v. Kopicz**, 840 A.2d 342, 351 (Pa. Super. 2003).

Instantly, SOAB member Herbert E. Hays, M.A.,[14] assessed that Baer's condition, which was the impetus for his sexual offending, is a lifetime disorder that involves "recurrent and intense sexual arousal involving a prepubescent child between the ages of 11 and 14 years of age that has been present for at least 6 months and causes marked distress or impairment in social, occupational, or other important areas of functioning." Sexually Violent Predator Assessment, 1/5/15, at 6. Ultimately, Hays

---

[13] Baer's offenses are all considered sexually violent offenses under section 9799.14. 42 Pa.C.S. § 9799.14(a). Under Megan's Law, sexual offenses shall be classified in a three-tiered system composed of Tier I, Tier II, and Tier III sexual offenses. **Id.** at § 9799.14(a). All of Baer's offenses, except his unlawful contact with minor charge ("Tier II sexual offense"), are classified as "Tier III sexual offenses" under section 9799.14(d). **Id.** at § 9799.14(c), (d).

[14] All SOAB members are experts in the field of the behavior and treatment of sexual offenders. **See** 42 Pa.C.S. § 9799.3(a).

concluded that Baer is "likely to re-offend given the opportunity," that he initiated the relationship with the victim, coerced her into a sexual relationship where she created child pornography at his direction, begged the victim not to disclose the relationship for risk of him going to jail, and that his relationship with the victim was in whole or in part to facilitate sexual victimization – all indicia of predatory behavior. *Id.* at 7. Under these circumstances, Hays opined that Baer meets the criteria to be classified as an SVP. *See Commonwealth v. Haberman*, 134 A.3d 101 (Pa. Super. 2015) (finding expert witness's testimony that hebephilia is mental disorder for purposes of SVP classification was sufficient where record did not contain evidence of other motivation for defendant's sexual abuse of stepdaughter for six years when she was twelve through eighteen of age; where record supported hebephilia diagnosis; where defendant used threats to achieve offense; where defendant was victim's stepfather; and based on nature of defendant's sexual contact with victim).

By contrast, licensed psychologist Timothy P. Foley, Ph.D., opined that hebephilia is not generally accepted by mental health professionals as it is "not defined in any authoritative text and has no consistent, clearly defined criteria, rendering is application unreliable." Opinion of Timothy P. Foley, Ph.D, 6/28/15, at 5. He further opined that there was no known recidivism data linking the condition to sexually violent acts and that any such conclusion to the contrary from Hay's assessment is not based on clinical methods or assessments. *Id.* at 6-7.

In **_Commonwealth v. Hollingshead_**, 111 A.2d 186 (Pa. Super. 2015), our Court was faced with the same issue on appeal – whether the defendant's diagnosis of hebephilia was considered a mental abnormality for purposes of an SOAB assessment and classifying him as an SVP. In that case, our Court held that hebephilia, combined with expert testimony and the facts of the case, can satisfy mental abnormality requirement for purposes of SVP determination. In **_Hollingshead_**, the defendant, a female assistant coach of a girl's high school soccer team, had a romantic relationship with a 15-year-old player. Two years later the defendant initiated a romantic relationship with a 16-year-old on the team. Both relationships led to sexual contact (oral sex) with the defendant. Defendant was ultimately determined to be an SVP by the court, after hearing the testimony of an SOAB member and an expert on behalf of the defendant.

On appeal, the defendant argued that while she conceded her conduct was predatory, her diagnosis, hebephilia, was not a mental abnormality or personality disorder which is a prerequisite for an SVP determination. On appeal, our Court acknowledged that hebephilia is not a listed disorder in the Diagnostic and Statistical Manual of Mental Disorders ("DSM"). The court, however, was persuaded by case law from sister states in coming to its decision that "the debate surrounding hebephiliac diagnoses, and their use in SVP proceedings, goes to the weight of the expert witness' testimony." **_Id._** at 193. Where the trial court credited the SOAB member's testimony

regarding hebephilia, our Court affirmed the finding that the defendant suffered from a mental abnormality was supported in the record.  ***Id.***

The trial court's conclusion that hebephilia satisfies the mental abnormality requirement under section 9792 are clearly stated in the record.  ***See*** N.T. Sentencing Hearing, 11/24/15, 64-68.  We find that Dr. Hays' expert testimony, which was credited by the trial judge, provided clear and convincing evidence to support the trial court's SVP determination.  ***Hollingshead***, ***supra***; ***Commonwealth v. Meals***, 842 A.2d 448, 450 (Pa. Super. 2004) (reviewing court may not weigh evidence or substitute its judgment for that of trial court).[15]   Thus, we find no merit to this claim.

In his final issue, Baer contends that the court erred in denying his request for a ***Frye*** hearing on the issue of whether his diagnosis, hebephilia, is considered a mental abnormality for purposes of an SVP designation. Specifically, he asserts that because hebephilia is not generally accepted by the psychology or psychiatry communities, and, therefore, is novel scientific evidence, it should have been subjected to the ***Frye*** test.

In ***Commonwealth v. Dengler***, 843 A.2d 1241, 1245 (Pa. Super. 2004), our Court held that the psychological or psychiatric testimony of an

---

[15] We note that any challenge to Hays' SVP determination is a challenge to the weight, not the sufficiency, of the evidence.  ***See Commonwealth v. Feucht***, 955 A.2d 377 (Pa. Super. 2008).

expert at an SVP proceeding is not novel scientific evidence subject to **Frye**. Specifically, our Court found that because there is nothing new or novel about expert testimony based on the application of the statutory SVP criteria, such testimony is not subject to the **Frye** rule. Moreover, while Dr. Hays' opinion testimony on hebephilia was scientifically founded, his methodologies used to evaluate Baer were not in any sense new or novel. **Dengler**, at 1246. Therefore, this claim has no merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016